**Henry W. BOERNER, Individually and as Administrator of the Estate of Mary Jane Boerner, Deceased, Plaintiff,**

v.

**BROWN & WILLIAMSON TOBACCO COMPANY, Defendant.**

No. LR–C–98–427.

United States District Court, E.D. Arkansas, Western Division.

Feb. 25, 2000.

Gary L. Eubanks, William Gary Holt, James Gerard Schulze, Gary Eubanks & Associates, Little Rock, AR, Norwood Sherman Wilner, Stephanie J. Franda Hartley, Spohrer Wilner Maxwell & Matthews, Jacksonville, FL, for plaintiffs.

Kevin A. Crass, Jonann Coniglio Fleischauer, Friday, Eldredge & Clark, Little Rock, AR, Frank C. Woodside, III, Michael J. Suffern, Dinsmore & Shohl, Cincinnati, OH, Bruce G. Sheffler, Gregory Loss, Thomas Riley, Joseph G. Falcone, Chadbourne & Parke, LLP, New York City, for defendant.

## OPINION AND ORDER

MOODY, District Judge.

### Procedural History

This suit was initiated by a complaint filed on June 19, 1998 by Henry W. Boerner and Mary Jane Boerner, husband and wife, against Brown & Williamson Tobacco Company. The complaint sought money damages for injuries sustained by Mary Jane Boerner caused by smoking defendant's cigarettes over a period of thirty-six years. Plaintiffs asserted theories of strict liability and negligence because of inadequate warnings from 1945 until 1981; defective design and manufacture of the cigarettes sold to Boerner; for fraud and deceit; and for negligent misrepresentation. On October 7, 1999, the Court granted summary judgment to the defendant on post–1969 failure to warn claims since these claims were preempted by the Federal Cigarette Labeling and Advertising Act ("Labeling Act"), 15 U.S.C. §§ 1331–1341, as interpreted by *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407, (1992). The same summary judgment dismissed plaintiffs' claim for fraud and deceit, conspiracy to commit fraud and negligent misrepresentation. *See Boerner v. Brown & Williamson Tobacco Company*, No. LR–C–98–427, 1999 WL 33134420, * 17 (E.D.Ark. Oct. 7, 1999).

Mary Jane Boerner died on August 26, 1999, allegedly from illnesses caused by cigarette smoking. Henry Boerner was appointed administrator of her estate and filed a first amended complaint on October 28, 1999 for survivor and wrongful death benefits asserting the same liability theories that were contained in the original complaint. Defendant filed a renewed motion for summary judgment asserting that the remaining claims failed as a matter of

law because plaintiff could not prove that Mary Jane Boerner's injuries or death were caused by any failure to warn or product defect. The Court granted this motion by its order dated February 18, 2000, and this opinion sets out the bases for the grant of the motion.

### Failure to Warn Claim

■ Proximate causation is an essential element of a failure to warn claim and the plaintiff has the burden of proving it. *Bushong v. Garman Co.*, 311 Ark. 228, 234, 843 S.W.2d 807, 811 (1992). *See also* Ark. Code Ann. § 4–86–102(a)(3); AMI Civil 4th 1008.

Plaintiff contends he has met this burden of proof, relying on the presumption under *Bushong* that once a plaintiff proves the lack of an adequate warning or instruction, the user would have read and heeded adequate warnings. Recognizing that the presumption may be rebutted by other evidence that a warning would have been futile, plaintiff argues that there is substantial evidence in the record that Mary Jane Boerner would have heeded an adequate warning.

The Arkansas Supreme Court held in *Bushong* that a plaintiff initially has the burden of proving that the warnings or instructions were inadequate. *Bushong*, 311 Ark. at 234, 843 S.W.2d at 811. If the plaintiff meets this burden, "a presumption arises that the user would have read and heeded adequate warnings or instructions. *Id.* The presumption may be rebutted by evidence 'which persuades the trier of fact that an adequate warning or instruction would have beer futile under the circumstances' ". *Id.*

■ Plaintiff has offered sufficient evidence of an inadequate warning from 1945 to 1969 to invoke the *Bushong* presumption. From 1945 to 1966, there were no warnings advocated by the tobacco industry and, in the opinion of plaintiff's expert, Dr. Allen Feingold, some warning was needed during that time. The 1966 warning was read by Mary Jane Boerner but not understood by her to be a sufficient mandate against smoking to cause her to heed it.

■ Under the *Bushong* rule, the burden shifts to the defendant to show that an adequate warning would not have been heeded by the plaintiff and thus futile. Once the defendant provides this evidence, the presumption becomes a nullity and the burden remains with the plaintiff to prove causation.

■ In this case, the defendant has easily met its burden of showing that an adequate warning would have been futile. The evidence is undisputed that Mary Jane Boerner read the 1966 warning, "Caution: Cigarette Smoking May Be Hazardous To Your Health". She also received information from her husband and son about the hazards of smoking on a regular basis. She did not stop smoking despite all of this information which she credited.

Mary Jane Boerner continued to smoke for twelve years after 1969 when the Labeling Act provided for additional warnings and these warnings were affixed to each cigarette package she opened. She acknowledged in her deposition testimony that she paid no attention to them. This undisputed fact brings her case squarely within the *Bushong* holding that an adequate warning was a futility.

Mrs. Boerner stopped smoking on September 21, 1981, not for reasons of her health, but through intervention of God and prayer. Her previous attempts to quit were undisputedly not motivated by concerns for her own health but were instead for her family's sake.

Finally, plaintiff did not contest defendant's statement of facts not subject to genuine dispute No. 18 that:

"There is no evidence that a warning at any time by the American Tobacco Company with respect to the health risks of smoking would have caused Mrs. Boerner to quit smoking prior to 1981."

Since Mrs. Boerner either ignored or paid no heed to all of the information and

warnings she received from her family and the defendant from the mid–1960s and did not change her behavior when presented with these warnings, the presumption is rebutted that she would have heeded an adequate warning.

Plaintiff also argues that Mary Jane Boerner's "personal history" or habits of exercising and not eating fatty foods give rise to an inference that she would have heeded a more adequate warning since she was generally so conscious of her health. To reach such a conclusion would require speculation on the part of the jury and cannot be reconciled with the other evidence that Mary Jane Boerner was regularly confronted with information and warnings which had no effect on her. No reasonable juror could conclude that a more stringent warning would have altered her behavior and defendant is entitled to summary judgment on all failure to warn claims.

### Defective Design Claim

To prove a defective design claim in this case, plaintiff must produce evidence that (1) the cigarettes manufactured by American Tobacco Company and smoked by Mary Jane Boerner contained a design defect that made them unreasonably dangerous, and (2) the defect proximately caused her injuries and death. Ark.Code Ann. § 4–86–102(a).

■ Plaintiff cannot proceed with this cause of action because there is no evidence that any design defect was the proximate cause of Mary Jane Boerner's injuries or death. The only record evidence of a defective product is the affidavit of Dr. Allen Feingold who proposes alternative designs which he considers safer than defendant's design but which do not make the product completely safe. The alternate designs proposed by Dr. Feinfold are still unreasonably dangerous.

Moreover, there is no evidence from which a jury could reasonably infer that Mary Jane Boerner would have used any of the safer designs and thereby lessened the chances of contracting cancer. Mary

Jane Boerner has testified that she only smoked unfiltered cigarettes and expressly stated that she avoided filtered cigarettes because their low nicotine content did not satisfy her. This failure of proof entitles defendant to summary judgment on the defective design claim.

*Plaintiff's Realleged Claims of Fraud, Conspiracy to Commit Fraud, Negligent Misrepresentation and Failure to Warn After 1969*

Plaintiff's first amended complaint realleged several causes of action which were dismissed in the Court's order of October 7, 1999. Plaintiff has confirmed in his pleadings that these claims were asserted only to preserve his record on appeal. These claims are dismissed for the reasons stated in the October 7, 1999 order.